# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

KAREN URBINA-LOZANO,

Petitioner,

vs.

PAMELA BONDI, et al.,

Respondents.

No. 26-CV-4010-CJW-MAR

**ORDER**

_____

Petitioner Karen Urbina-Lozano's petition for writ of habeas corpus is before the Court. (Doc. 1). Respondents[1] filed a response, (Doc. 9), and provided the Court with a declaration by Geneva Balencia and Exhibits A, B, and C, (Docs. 12-1 through 12-4). Petitioner filed a reply. (Doc. 13). For the following reasons, the Court **grants in part and denies in part** petitioner's petition for writ of habeas corpus and orders that respondents provide petitioner with an individualized bond hearing.

Petitioner is a citizen of Honduras. (Doc. 12–1, at 2). On May 14, 2018, she entered the United States around San Luis, Arizona without inspection. (*Id.*). She was served a Notice to Appear ("NTA") charging her with being inadmissible for being present in the United States without being admitted or paroled. (Doc. 12-2); *see* 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible[.]").

---

[1] As of filing, respondent Chad Sheehan has not filed an appearance or response. The Court finds his appearance or response not necessary here and thus proceeds in its analysis without them. *See* (Doc. 9, at 3 n.1) ("[A]ll arguments made on behalf of the [respondents] apply with equal force to Sherriff Sheehan, because [petitioner] is being detained at the request of the United States.").

Two years later, she was convicted of driving under the influence of alcohol twice, on February 18 and on May 18, 2020. (Doc. 12-1, at 2). On January 20, 2023, an immigration judge denied her applications for asylum and withholding of removal, however, the judge granted her voluntary departure. (Doc. 12-3); *see* 8 U.S.C. § 1158 (asylum); 8 C.F.R. § 208.16 (withholding of removal). She was ordered to depart the United States within sixty days, by March 21, 2023, and required to post a $500 bond. (*Id.*). Petitioner appealed that decision. (Doc. 12-1, at 3).

On September 14, 2025, petitioner was arrested for a third charge of driving under the influence of alcohol. (*Id.*). While petitioner was being held in that case, on November 26, 2025, Immigrations and Customs Enforcement ("ICE") took custody of petitioner pursuant to a warrant. (Doc. 1, at 13; Doc. 12-4). Petitioner remains in ICE custody at the Woodbury County Jail. (Doc. 13, at 2; Doc. 12-1, at 4).

On February 18, 2026, petitioner filed the instant petition with the Court, requesting immediate release from custody or an individualized bond hearing. (Doc. 1, at 3, 29–30). On March 9, 2026, respondents filed a response, (Doc. 9), and on March 10, 2026, petitioner filed her reply, (Doc. 13). In her reply, petitioner asks that the Court "grant the petition and order [her] immediate release, or in the alternative, order an individualized bond hearing consistent with its prior rulings." (Doc. 13, at 2). Respondents do not challenge administrative exhaustion, so the Court proceeds directly to the merits. *See Wood v. Milyard*, 566 U.S. 463, 470 (2012) (finding that a defense not raised in an answer is waived).

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The right to challenge the legality of a person's confinement "through a petition for a writ of habeas corpus . . . extents to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01

2

(D. Minn. 2022) (citing *Presider v. Rodriguez*, 411 U.S. 475, 485 (1973); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); and *Demore v. Kim*, 538 U.S. 510, 517 (2003)). The petitioner bears the burden of proving by a preponderance of the evidence that their detention is unlawful. *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025); *Walker v. Johnston*, 312 U.S. 275, 286 (1941); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner."); *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (stating that the burden of proof was upon the petitioner).

This Court has adjudicated multiple previous cases of immigrants that entered without inspection and challenged their ability to receive a bond hearing. *See Lopez Lopez v. Sheehan*, No. 25-CV-4052-CJW-KEM, 2025 WL 3046183 (N.D. Iowa Oct. 30, 2025) (citizen of Guatemala who entered without inspection); *Arteaga Mejia v. Bondi*, No. 1:25-cv-00164-CJW-MAR (N.D. Iowa Oct. 31, 2025) (citizen of Mexico who entered without inspection); *Ramirez-Ramirez v. Beuter*, No. 25-CV-185-CJW-MAR, 2025 WL 3499057 (N.D. Iowa Dec. 5, 2025) (citizen of Guatemala who entered without inspection); *Jimenez Jimenez v. Olson*, No. 25-CV-189-CJW-KEM, 2025 WL 3633609 (N.D. Iowa Dec. 15, 2025) (citizen of Mexico who entered without inspection); Order, *Hipo Janeta v. Bondi*, No. 1:26-cv-00019-CJW-MAR (N.D. Iowa Mar. 9, 2026), Dkt. No. 16 (citizen of Ecuador who entered without inspection).[2] The Court has also

---

[2] This case is likewise by no means the first of this challenge nationwide. While the Court has adjudicated a handful, other courts have handled significantly more. *See Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2026 WL 468284, at \*4 (C.D. Cali. Feb. 18, 2026) ("For context, the Court's review of filings within this judicial district shows 551 habeas petitions were filed between December 19, 2025, and January 30, 2026."). As of early February 2026, one Circuit Court stated, "[s]ince DHS began to detain unadmitted aliens under § 1225(b)(2)(A), [in July 2025] well over a thousand aliens have filed habeas corpus petitions seeking bond hearings." *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at \*3 (5th Cir. Feb. 6, 2026). The number is certainly more than that at this point. The Court is also aware that the Eighth Circuit recently heard oral argument on this issue and an opinion is forthcoming. *Avila v. Bondi*, No. 25-3248 (8th Cir. 2026).

3

adjudicated cases by immigrants that were permitted to enter the United States on parole and challenged their ability to receive a bond hearing.  *See* Order, *Bababekov v. Noem*, No. 1:25-cv-00224-CJW-MAR (N.D. Iowa Jan. 28, 2026), Dkt. No. 10 (citizen of Kyrgyzstan who entered on parole); Order, *Hassan Mohamed v. Noem*, No. 26-CV-4001-CJW-KEM (N.D. Iowa Feb. 12, 2026), Dkt. No. 15 (citizen of Somalia who entered on humanitarian parole).

In those seven cases, the Court has made its position clear: the immigration court must provide aliens who enter without inspection or pursuant to parole with an individualized bond hearing.  *See, e.g., Lopez Lopez*, 2025 WL 3046183, at *7; *Hassan Mohamed*, No. 26-CV-4001-CJW-KEM, at *11.  This is so because the Court found "petitioner does not meet the criteria to fall under Section 1225(b)(2) but rather falls under Section 1226(a), which permits release on bond."  *Ramirez-Ramirez*, 2025 WL 3499057, at *6.  The Court finds the same here.  Although the Court recognizes that the Bureau of Immigration Appeals ("BIA") reached the opposite conclusion in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Court is not bound by that decision and declines to follow it.  *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024).  In addition, another district court has vacated that decision.  *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2026 WL 468284, at *10 (C.D. Cali. Feb. 18, 2026) (stating explicitly "The Court **VACATES** *Yajure Hurtado* under the [Administrative Procedure Act ("APA")]" (emphasis in original)).

4

For those reasons, petitioner's petition for writ of habeas corpus (Doc. 1) is **granted in part and denied in part**. The Court **grants** petitioner's request for a bond redetermination hearing and hereby orders that within fourteen days of the date of this order respondents provide petitioner with an individualized bond hearing before an immigration judge under Title 8, United States Code, Section 1226(a). (Doc. 1, at 28). The Court **denies** petitioner's request for immediate release from custody and for declaratory relief. (Doc. 1, at 26–29). The Clerk of Court is directed to close this case.

**IT IS SO ORDERED** this 12th day of March, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

5